IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DORIS WAYNE MALONE, #L4056**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 1:08-cv-224-LG-RHW**

**MIKE BYRD AND
KEN BROADUS**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On May 30, 2008, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On July 9, 2008, an order [7] was entered directing Plaintiff to file a written response, on or before July 28, 2008. The Plaintiff was warned in this Court's order of July 9, 2008, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. Plaintiff has failed to comply with this order.

On August 19, 2008, an order [8] was entered directing Plaintiff to show cause on or before September 8, 2008, why this case should not be dismissed for his failure to comply with the Court's July 9, 2008 order. In addition, the Plaintiff was directed to comply with the order of July 9, 2008, on or before September 8, 2008. The Order to Show Cause warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further notice. Plaintiff has failed to comply with this show cause order.

The Plaintiff has failed to comply with two Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a " sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not contacted this Court since July 2, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE